1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES M. LANIER, | ) | CIV F 09 – 2084 AWI SMS |
| Plaintiff, | ) | CIV F  09 –1780 AWI SMS |
| | ) | |
| v. | ) | ORDER ON DEFENDANTS' |
| | ) | MOTION TO DISMISS AND |
| CLOVIS UNIFIED SCHOOL | ) | RELATED ORDERS |
| DISTRICT, TERRY BRADLEY, STEVE | ) | |
| WARD, MICHAEL JOHNSTON, | ) | Documents Nos. 8, 10 and 14 |
| DENNIS LINDSAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

17

This is a civil rights action for damages by *pro se* plaintiff James M. Lanier ("Plaintiff")

18 against defendants Clovis Unified School District ("Clovis Unified"), the Clovis Unified School

19 District Board of Education ("School Board") and a number of individual defendants

20 (collectively, "Defendants").  This action arises out of Plaintiff's repeated attempts to obtain a

21 contract from Clovis Unified for sports officiating that Plaintiff alleges were unsuccessful

22 because of racially discriminatory practices by individual defendant, Dennis Lindsay

23 ("Lindsay"), an employee of Clovis Unified with authority to approve contracts for sports

24 officiating.  This action was commenced in Fresno County Superior Court on October 14, 2009,

25 and was removed to this court on November 30, 2009.  Plaintiff filed a prior action in this court

26 on October 8, 2009, in Case Number 09cv1780.  On November 17, 2009, an order relating Case

27 Number 09cv1780 to the instant case was filed by Judge Oliver Wanger and that case was

28 transferred to the docket of Judge Anthony W. Ishii.  In the instant motion, Defendants seek to

dismiss all claims for relief set forth in Case Number 09cv2084.  Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.  Venue is proper in this court.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The complaint in this case alleges three claims for relief that are titled "Discrimination," "Civil Rights Violation," and "Conspiracy."  All claims are alleged against Clovis Unified and against each of the individual members of the School Board as well as against four individual employees.  So far as the court can determine both the complaint in the instant case and the complaint in 09cv1780 allege the same three claims against the same Defendants.  There appears to be some minor variations as to wording between the two complaints but the essence of the claims alleged is the same.

The legal basis for Plaintiffs first claim for relief for discrimination is uncertain.  In paragraph 10 of the complaint in Case Number 09cv1780, Plaintiff mentions California's Fair Employment and Housing Act, California Government Code § 12900 et seq. ("FEHA"), although only in the context of Clovis Unified being an employer that comes under the Act.  Plaintiff's claim for discrimination in both cases alleges no discernable legal basis for the claim.  Defendants appear to presume that Plaintiff's first claim for relief is alleged pursuant to 42 U.S.C. § 1983.  The court can find no basis in the text of either complaint that would support that presumption.

Factually, Plaintiff's claim for discrimination alleges that in March of 2007 Plaintiff presented a proposal for contract to Defendant Lindsay for the fourth time.  Plaintiff's proposal for contract was turned down and Plaintiff alleges that, as he left Lindsay's office, he heard Lindsay comment that Plaintiff was "'an uppity nigger'" and that "'no niggers would be allowed to obtain any contract work' and that [Plaintiff] would be better off seeking contract work outside of Clovis Unified School District."  Doc. # 1 at 5: 18 - 21.  Plaintiff further alleges that Defendants Lindsay and Johnston repeatedly "questioned if the Plaintiff had adequate staff to be able to satisfy the contracted work" and that these questions were a constant feature of

Plaintiff's attempts to obtain a contract between 2004 and 2008.  Doc. # 1 at 5:24 - 25.

Plaintiff's second claim for relief for "Civil Rights Violation" is alleged pursuant to 42 U.S.C. § 1983.  Basically, Plaintiff's second claim incorporates the factual basis of the first claim for relief and alleges in summary fashion that Lindsay's and Johnston's actions in violation of Plaintiff's civil rights were knowing, wilful and malicious.

Plaintiff's third claim for relief for conspiracy, like Plaintiff's first claim, neither suggests nor alleges any legal basis for relief.  The factual basis for Plaintiff's third claim is a long and somewhat confusing narrative that describes what appears to have been an agreement between Lindsay, an unnamed "favored Caucasian contractor," another unnamed African-American contractor and Plaintiff.  It appears that the "conspiracy" was somehow driven in part by Plaintiff's prior unsuccessful efforts to secure an officiating contract.  Oddly, it also appears that to some extent Plaintiff was an operational part of the "conspiracy" of which he complains.  The gist of the "conspiracy" so far as the court can discern, was that Lindsay conspired with the "favored Caucasian contractor" to enlist Plaintiff and the other African American to join as a "management team" whose purpose was help the favored Caucasian contractor obtain a state license.  Plaintiff alleges that it was understood by the conspirators that the favored Caucasian contractor would be awarded the officiating contracts for both Clovis Unified and Fresno Unified School Districts and that Plaintiff and the other African-American contractor would have access to income from sports officiating as a part of the "management team."

The complaint alleges that Plaintiff did not submit an application for the officiating contract and informed Clovis Unified that the reason he did not submit a proposal for contract was because Plaintiff believed any further efforts to deal with Lindsay would be futile because of Lindsay's race-based animus.  Plaintiff alleges that Plaintiff was in charge of seeing to it that the favored Caucasian contractor got his license from the state.  Plaintiff also alleges that it was understood that once the favored Caucasian contractor received his license, Clovis Unified would be awarded the officiating contract upon the recommendation and approval of defendant

3

Lindsay, the alleged friend of the favored Caucasian contractor.

Plaintiff alleges that the favored Caucasian contractor was awarded the officiating contract after he obtained the license, and soon thereafter began a pattern of discriminatory practices aimed at Plaintiff and the other African-American contractor. On January 20, 2009, Plaintiff was terminated by the favored Caucasian contractor; an act Plaintiff alleges was contrary to Clovis Unified policy. The court infers that in 2008, and during the course of the alleged conduct of the conspiracy, Plaintiff did not apply to Clovis West for employment or submit a proposal for contract and was not hired or fired by Clovis West.

Defendants' motion to dismiss was filed on December 7, 2009. Plaintiff filed motions to continue the deadline for submission of opposition on December 29, 2009, and on January 6, 2009. On January 8, 2010, the court vacated the scheduled hearing date of January 11, 2010, and took the matter under submission as of that date. Plaintiff's opposition to Defendants' motion to dismiss was filed on April 2, 2010.

## LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of the complaint is to provide the opposing party with fair notice of the claim against it. Lynn v. Sheet Metal Workers' Intern. Ass'n, 804 F.2d 1472, 1482 (9th Cir. 1986). The Federal Rules have rejected the approach that pleading is a game in which one misstep by a party may be decisive to the outcome, and the Federal Rules require the court to construe pleadings liberally. Id. Although the Federal Rules have adopted this flexible pleading policy, a complaint must still give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting 2A James W. Moore et al., Moore's Federal Practice ¶ 8.13 at 8-111 (2d ed. 1983)). The plaintiff must allege, with at least some degree of particularity, overt acts which the defendants engaged in that support the plaintiff's claim. Id.

4

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Twombly"). While a court considering a motion to dismiss must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and must construe the pleading in the light most favorable to the party opposing the motion, and resolve factual disputes in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969), the allegations must be factual in nature. See Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The pleading standard set by Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("Iqbal").

The Ninth Circuit follows the methodological approach set forth in Iqbal for the assessment of a plaintiff's complaint:

> "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

Moss v. U.S. Secret Service, 572 F.3d 962, 970 (9th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1950).

## DISCUSSION

As a preliminary matter, the court has reviewed the complaints in Case Number 09cv1780 and in the instant Case Number 09cv2084 and finds the claims asserted in both cases

5

are substantially identical.  Although the factual allegations differ in minor details, both complaints share the same deficiencies as described below.  Given that Defendants' motion to dismiss will be granted for the reasons that follow, efficient use of judicial resources would best be served by closing Case Number 09cv1780, and ordering that any further pleadings be filed under Case Number 09cv2084. The court will issue an order to show cause to that effect.

## I.  Plaintiff's First Claim for Relief for Discrimination

Plaintiff's first claim for relief must be dismissed because Plaintiff has failed to set forth or even suggest any legal basis for the claim.  As such, Plaintiff's first claim for relief fails to meet the minimum standard set by Rule 8(a)(2).  Defendants appear willing to presume Plaintiff's first claim is alleged pursuant to 42 U.S.C. § 1983, but the court is unwilling to make that assumption.  First, the court notes such a claim would be, as Defendants point out, duplicative of Plaintiff second claim for relief for violation of civil rights and second, there is no basis upon which the court can assume that Plaintiff does not intend to allege a claim for discrimination pursuant to FEHA, which Plaintiff alludes to in an earlier paragraph.

Plaintiff is cautioned that, should he intend to allege a claim pursuant to California's FEHA, he must show that he has "'exhaust[ed] the administrative remedies provided by law.' [Citation].  Exhaustion in this context requires filing a written charge with DFEH within one year of the alleged unlawful employment discrimination, and obtaining notice from DFEH of the right to sue. [Citations]." Rodriguez v. Airborne Express, 265 F.3d 890, 896 (9th Cir. 2001) (internal citations and footnote omitted).  The court will permit amendment of Plaintiff's first claim for relief because it cannot be determined at this point that there are no facts Plaintiff could plead that would entitle him to relief.

## II.  Plaintiff's Second Claim for Relief for Civil Rights Violation

Plaintiff's second claim for relief is for racial discrimination in the selection of service providers in violation of 42 U.S.C. § 1983.  Although Plaintiff's second claim fails to allege with specificity, the court presumes Plaintiff's claim seeks to vindicate Plaintiff's rights against

1   racial discrimination under the Equal Protection Clause of the Fourteenth Amendment.

2   Defendants have advanced a number of arguments to support their contention that Plaintiff's

3   section 1983 claim must be dismissed.  Because they presumed Plaintiff's first claim for relief

4   was alleged pursuant to section 1983, Defendants made their arguments for dismissal of

5   Plaintiff's section 1983 claim with respect to Plaintiff's first claim for relief.  The court will

6   apply Defendant's arguments to Plaintiff's second claim for relief.  Of the arguments advanced

7   by Defendants, only two need be discussed as those are determinative of the viability of

8   Plaintiff's second claim for relief.  The two grounds for dismissal alleged by Defendants the

9   court finds persuasive are Defendants' contentions that plaintiff has failed to allege

10  discriminatory treatment and that Plaintiff's action is barred by the applicable statute of

11  limitations.

12          "To succeed on a § 1983 equal protection claim, the plaintiff[] must prove the

13  defendants acted in a discriminatory manner and that the discrimination was intentional."  Reese

14  v. Jefferson School Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000).  Because the court accepts

15  as factual the allegations set forth in the complaint, Lindsay's "uppity nigger" comments are

16  sufficient to establish discriminatory intent.  The issue of whether Plaintiff's claim for violation

17  of his rights under the Equal Protection Clause therefore turns on whether Plaintiff has alleged

18  facts sufficient to show discriminatory treatment.

19          Defendants contend, and Plaintiff does not dispute, that Clovis West is required by the

20  terms of California Public Contract Code § 20128 to "award [a] contract to the lowest

21  responsible bidder."  Plaintiff's factual allegations confusingly state that Plaintiff's rights were

22  violated because Clovis West did not allow "the public school contract to be bid upon in

23  violation of the Fourteenth Amendment . . . ."  Is Plaintiff alleging he was not allowed to bid?

24  Was the bidding process stopped or interrupted because the "favored Caucasian contractor" was

25  selected in disregard of other bids?  Or did Plaintiff and other qualified contractors submit lower

26  priced bids that were rejected because of Lindsay's discriminatory preference for the "favored

27

28                                                  7

Caucasian Contractor?"

The fact that Lindsay referred to Plaintiff in racially derogatory terms establishes the discriminatory intent but it is not sufficient to establish a discriminatory act.  Further, the rejection of bids by Plaintiff would not constitute discriminatory acts, even in light of Lindsay's statements, if Plaintiff's bids were rejected for non-discriminatory reasons, such as would be the case if Plaintiff did not submit the low cost bid.  Because the court cannot determine what the discriminatory act is alleged to be, the court must dismiss Plaintiff's second claim for relief for failure to meet the requirements of Rule 8(a) and for failure to adequately state a claim upon which relief can be granted.

The second issue raised by Defendants motion to dismiss that the court wishes to address is whether Plaintiff's second claim for relief is barred by the applicable statute of limitations.  It appears from the complaint that Plaintiff did not actually submit a bid to provide officiating services in 2008.  Further, it appears from the complaint that the event that indicated discriminatory intent, the comments of Lindsay, occurred in March of 2007.  Therefore, it appears from the pleadings that Plaintiff's claims of discrimination as to bids he submitted for contracts accrued as of March 2007 at the earliest.

Because 42 U.S.C. § contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in section 1983 suits.  See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997).  The Ninth Circuit has consistently held that the limitations period for an action pursuant to section 1983 is contained in California's general personal injury statute.  See McDougal v. County of Imperial, 942 F.3d 668, 672 (9th Cir. 1991).  California's general personal injury statute is set forth at California Code of Civil Procedure, section 335.1 and provides a limitations period of 2 years.  See Thompson v. City of Shasta Lake, 314 F.Supp.2d 1017, 1023-1024 (E.D. Cal. 2004 (discussing applicability of California's general residual statute of limitations to actions pursuant to section 1983).  The two-year statute of limitations period

applies to claims alleging violation of Fourteenth Amendment Equal Protection rights. Id. at 1027.

As noted above, it appears from Plaintiff's complaint that the events that gave rise to his equal protection claims occurred from 2004 through March of 2007.  It does not appear that the events complained of occurred again after March 2007 due perhaps in part to the apparent fact that Plaintiff did not submit proposals for contract services after that date.  It appears that March 2007 is the month in which Plaintiff's claim of equal protection violation occurred and that the complaints before the court were filed more than two years later.  Thus, it appears that Plaintiff's second claim for relief is time-barred.  Tolling sometimes applies to the running of statutes of limitations, but Plaintiff has not alleged any facts that would permit the application of any tolling doctrine.  By the same token, the court cannot conclude based on the facts alleged or not alleged in Plaintiff's complaint that an amended pleading could not cure the deficiency. Plaintiff's second claim for relief will therefore be dismissed with leave to amend.

**III.  Plaintiff's Third Claim for Relief for Conspiracy**

"A civil rights conspiracy as commonly defined is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damages.'"  Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988).  The general elements that comprise an action for conspiracy that must be alleged in the complaint include "(1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts."  Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006) (citing Cellular Plus, Inc. v. Superior Court, 14 Cal.App.4th 1224 (1993)).  Under federal law, a civil right conspiracy may be alleged pursuant to 42 U.S.C. § 1983, Earle, 850 F.2d at 844 or pursuant to 42 U.S.C. § 1985(3).  Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005).

Plaintiff's claim for relief for conspiracy fails because no legal basis for the conspiracy

9

1   claim is alleged and because it is not possible to discern from the complaint precisely what the

2   unlawful purpose of the conspiracy was.  As suggested above, conspiracy can be alleged

3   pursuant to several state and federal laws.  While the basic elements of a civil conspiracy claim

4   may be very similar between the various statutes, the defenses available under different statutes

5   are not identical and a claim that fails to specify the legal basis for the claim fails to meet the

6   minimum notice standard required by Rule 8(a).

7          Factually, Plaintiff's conspiracy claim is nearly unintelligible.  What is the purpose of

8   the conspiracy and what is the illegal act?  Plaintiff clouds the issue by alleging a long series of

9   acts that are all alleged to be "part of the conspiracy."  Among these is the alleged fact that

10  Plaintiff worked as part of the "management team" to procure a state license for the "favored

11  Caucasian contractor.  Is this part of the conspiracy of which Plaintiff complains?  Plaintiff

12  alleges that he did not submit a proposal for a contract in 2008 and the court infers from the

13  pleading that Plaintiff was hired and terminated by the "favored Caucasian contractor" who is

14  not a party to this action.  It is not clear whether the termination of Plaintiff by the "favored

15  Caucasian contractor" is the unlawful act, nor is it clear what the role of the Defendants is

16  alleged to have been in causing harm to Plaintiff.  If Plaintiff decides to amend his claim for

17  conspiracy, he must allege clearly and concisely what the legal basis of the claim is, what the

18  conspiracy was and specifically what acts were committed in furtherance of the conspiracy.

19         In a similar vein, the court notes Plaintiff inconsistently refers to himself in the plural.

20  Plaintiff can sue only on behalf of himself.  Any future amendments to the complaint shall be

21  consistent with respect to designation of the parties.

22

23         THEREFORE, for the reasons discussed above, it is hereby ORDERED that Defendants'

24  motion to dismiss is GRANTED as to each of the claims alleged in the complaint in Case

25  Number 09cv2084.  Plaintiff's complaint in this action is DISMISSED in its entirety.  Leave to

26  amend is granted.  Any amended complaint shall be filed and served not later than 30 days from

27

28                                              10

the date of service of this order.  It is further ordered that Plaintiff shall show cause why Case Number 09cv1780 should not be dismissed and the case administratively closed.  If no response to the order to show cause is filed within 30 days of the date of service of this order, Case Number 09cv1780 will be dismissed and administratively closed.


IT IS SO ORDERED.

**Dated:    April 20, 2010**                                   **/s/ Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE

11